FILED
MAR. 16, 2022
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| AMANDA D. TUCKER MEUSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-2871 (UNA) |
| | ) | |
| CLIFFORD WHITE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, purports to bring this *qui tam* action under the False Claims Act ("FCA"), *see* 31 U.S.C. §§ 3729-32. "The False Claims Act prohibits false or fraudulent claims for payment from the United States." *U.S. ex rel. Purcell v. MWI Corp.*, 807 F.3d 281, 286 (D.C. Cir. 2015) (citations omitted); *see United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 640 (6th Cir. 2003) (describing FCA as "an anti-fraud statute that prohibits the knowing submission of false or fraudulent claims to the federal government"). It authorizes a private individual, as a relator, "to bring [a qui tam] action in the Government's name, and to recover a portion of the proceeds of the action, subject to the requirements of the statute." *U.S. ex rel. Batiste v. SLM Corp.*, 659 F.3d 1204, 1206 (D.C. Cir. 2011) (citations omitted).

In federal courts such as this, plaintiffs "may plead and conduct their own cases personally or by counsel[.]" 28 U.S.C. § 1654. The United States is "the real party in interest" in a *qui tam* action, *Cobb v. California*, No. 15-cv-176, 2015 WL 512896, at *1 (D.D.C. Feb. 4, 2015), and *pro se* parties may not pursue a claim on behalf of the United States, *see Idrogo v. Castro*, 672 F. App'x 27 (D.C. Cir. 2016) (per curiam) (concluding "district court correctly held that pro se plaintiffs . . . may not file a qui tam action pursuant to the False Claims Act"); *Walsh*

1

*v. JPMorgan Chase Bank, NA*, 75 F. Supp. 3d 256, 263 (D.D.C. 2014) ("[I]t is well-settled that a *qui tam* action may not be brought by a *pro se* plaintiff."). To the extent plaintiff intends to bring another sort of claim, her complaint neither makes her intention clear nor articulates a viable legal claim.

    The Court will dismiss the complaint and this civil action without prejudice. A separate Order accompanies this Memorandum Opinion.

DATE: March 16, 2022    /s/
                                        AMIT P. MEHTA
                                        United States District Judge